IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 09-cv-00669-ZLW-KMT

DOUGLAS E. GILMAN,

    Plaintiff,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

ORDER

    The matters before the Court are (1) Defendant's Motion For Summary Judgment Based On Plaintiff's Lack Of Standing And Judicial Estoppel (Motion For Summary Judgment), and (2) Plaintiff's Motion To Join Bankruptcy Trustee Kevin Kubie As A Plaintiff Pursuant To Fed. R. Civ. P. 17(a), 20, and 21 (Motion To Join).  The Court has determined that both motions can be resolved on the parties' papers without a hearing.

**A.    Background**

    Plaintiff filed his initial Complaint in this action, asserting one claim for violation of the Age Discrimination in Employment Act,[1] on March 25, 2009.  On April 29, 2009, Plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the

---

[1] 29 U.S.C. § 621 *et seq.*

District of Colorado (Bankruptcy Court).[2]  At all relevant times Plaintiff has been represented by attorney R. Scott Schofield in the Chapter 7 proceedings.

On Item 4.a. of the "Statement of Financial Affairs" attached to Plaintiff's bankruptcy petition, Plaintiff was required to list "all suits and administrative proceedings to which [he] is or was a party within **one year** immediately preceding the filing of this bankruptcy case."[3]  Plaintiff listed five civil actions in this section, but did not include the present action, filed one month prior.  However, on Schedule B - Personal Property, Plaintiff did list under the category of "Other contingent and unliquidated claims . . ." an item described as "Possible employment discrimination against Target," with an "unknown" current value.[4]  On Schedule C - Property Claimed As Exempt, Plaintiff listed "Possible employment discrimination against Target," citing Colo. Rev. Stat § 8-42-124 as the legal source of the exemption.[5]

In his sworn affidavit submitted in response to the present Motion For Summary Judgment, Plaintiff states that "[d]uring my bankruptcy proceedings I disclosed the existence of my discrimination lawsuit against Target Corporation, No. 09-cv-00669, to my attorney, Mr. Schofield."  He states that he relied on Mr. Schofield to disclose the lawsuit's existence on his bankruptcy petition.  Plaintiff further states that he "did not

---

[2]Motion For Summary Judgment (Doc. No. 38), Ex. B.

[3]Id. Ex. B at 12 of 80 (emphasis in original).

[4]Id. Ex. B at 22 of 80

[5]Id. Ex. B at 25 of 80

intend to mislead or deceive the Bankruptcy Court for the District of Colorado about the existence of my discrimination lawsuit against Target Corporation on my bankruptcy petition."[6]  Mr. Schofield states in his sworn affidavit that Plaintiff disclosed the present lawsuit to him on February 2009, and that "the only error was mine."[7]  He goes on to state that "[m]y error has been corrected by our amended filing of Schedule C,"[8] filed October 23, 2009, which specifies that a federal lawsuit pertaining to the "Possible employment discrimination against Target" has been filed.[9]  Schofield further states that the present lawsuit was disclosed to the Bankruptcy Trustee at the Meeting of Creditors.[10]

Plaintiff filed an Amended Complaint in the present action on August 4, 2009, adding one claim for violation of the Americans With Disabilities Act.[11]  Plaintiff seeks both monetary damages and equitable relief.

---

[6] Plaintiff's Response To Defendant's Motion For Summary Judgment . . . (Doc. No. 42) Ex. 1.

[7] Id. Ex. 2 ¶ 11.

[8] Id.

[9] Id. Ex. 3.

[10] Id. Ex. 2 ¶ 8.

[11] 42 U.S.C. § 12101 *et seq.*

On August 21, 2009, the Bankruptcy Court issued an Order Discharging Both Debtors (Plaintiff and his wife).[12] The bankruptcy case remains open in Bankruptcy Court.[13]

Defendant moves for summary judgment on the ground that Plaintiff lacks standing because the Chapter 7 Bankruptcy Trustee, and not Plaintiff, is the real party in interest, and on the ground that Plaintiff is judicially estopped from asserting his claims due to his failure to properly disclose this action in the Chapter 7 proceedings. After Defendant filed its Motion For Summary Judgment, Plaintiff filed his Motion To Join, requesting that Bankruptcy Trustee Kevin Kubie be joined as a Plaintiff in this action.

**B.     Motion For Summary Judgment**

    **1.     Legal Standard**

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[14] "Summary judgment is a drastic remedy [and] and any relief pursuant to Fed. R. Civ. P. 56 should be awarded with care."[15]

---

[12] Motion For Summary Judgment (Doc. No. 38) Ex. C.

[13] Plaintiff's Response To Defendant's Motion For Summary Judgment . . . (Doc. No. 42) Ex. 2 ¶ 3.

[14] Fed. R. Civ. P. 56(c).

[15] Conaway v. Smith, 853 F.2d 789, 792 n. 4 (10th Cir. 1998).

## 2. Analysis

### a. Standing

Fed. R. Civ. P. 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." Once a party files for bankruptcy, all "legal or equitable interests,"[16] including all claims which that party has asserted in a separate civil action, become the property of the bankruptcy estate, and the bankruptcy trustee, not the party, becomes the real party in interest with respect to the claims.[17] In response to Defendant's assertion that Plaintiff lacks standing in this action due to his bankruptcy filing, Plaintiff argues that because the damages he is seeking consist of wages lost due to discriminatory conduct, 75% of such damages are exempt from his bankruptcy estate under Colo. Rev. Stat § 13-54-104(2). As a result, Plaintiff contends, Plaintiff has standing with respect to what he asserts is the exempt portion of his claims, and the Bankruptcy Trustee, whom Plaintiff wishes to join in this action, is the real party in interest with respect to the remaining 25%.

Even if Plaintiff were correct that 75% of any potential damages in this case are exempt under Colo. Rev. Stat § 13-54-104(2), and the Bankruptcy Court has made no such determination to date, the fact that Plaintiff may be able to qualify for an exemption with respect to some of the potential proceeds from this action does not render him the real party in interest. Plaintiff has cited no case law holding that a party remains the real

---

[16] 11 U.S.C. § 541(a)(1).

[17] See Riggs v. Aetna Life Ins. Co., 2006 WL 1633542, *3 (10th Cir. June 14, 2006).

party in interest as to some portion of a pending civil claim despite his or her bankruptcy filing because a portion of the potential damages corresponding to that claim may be exempt under bankruptcy law.  "[A]lthough Plaintiff may be able to qualify for exemptions for certain causes of action against Defendants, this does not necessarily entitle him to pursue the lawsuit himself.  The lawsuit remains the property of the bankruptcy estate."[18]  The Court concludes that Plaintiff is not a proper party to this action because he is not the real party in interest.[19]

However, "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."[20]  This action is not properly dismissed on summary judgment based on lack of standing since the Bankruptcy Trustee may be substituted as the real party in interest, as discussed below.

---

[18] Whitfield v. Ford Motor Co., 1995 WL 871142, *4 (E.D. Mich. Feb. 27, 1995) (citing In re Bronner, 135 B.R. 645, 647 (B.A.P. 9th Cir. 1992)).

[19] Plaintiff argues for the first time in his Reply brief on the Motion To Join that he remains the real party in interest because he is seeking reinstatement, in addition to monetary damages, as a remedy.  See Reply To Motion To Join . . . (Doc. No. 56) at 6.  A party waives issues and arguments raised for the first time in a reply brief, see SCO Group, Inc., v. Novell, Inc., 578 F.3d 1201, 1226 (10th Cir. 2009), and therefore the Court does not consider the argument herein.  Further, the Court notes that 11 U.S.C. § 541(a)(1) expressly states that "all legal *or equitable* interests of the debtor" become part of the bankruptcy estate upon commencement of the Chapter 7 case. (Emphasis added).

[20] Fed. R. Civ. P. 17(a)(3).

### b. Judicial Estoppel

Defendant argues that summary judgment also is warranted based on principles of judicial estoppel since, according to Defendant, Plaintiff did not properly disclose this action in his bankruptcy filings. However, the Court determines, as discussed below, that the Bankruptcy Trustee properly may be substituted as the real party in interest in this action. As Defendant appears to acknowledge, the doctrine of judicial estoppel does not apply to claims by the Bankruptcy Trustee.[21] Therefore, summary judgment is not warranted in this case based upon judicial estoppel.

Defendant states that if the Bankruptcy Trustee "is permitted to be substituted as the real party in interest, [Defendant] respectfully requests an order capping the Trustee's potential recovery at the level necessary to satisfy all creditors and the costs and fees incurred by this litigation, and prohibiting [Plaintiff] from personally collecting monetary damages in this litigation . . . ."[22] The Court did issue such an order in Equal Opportunity Comm'n v. Outback Steak House,[23] relying on dicta in a footnote in Parker v. Wendy's Int'l Inc.[24] which stated that "in the unlikely scenario where the trustee would recover more than an amount that would satisfy all creditors and the costs and fees incurred, then perhaps judicial estoppel could be invoked by the defendant to limit any

---

[21] See In re Razuddin, 363 B.R. 177, 188 (B.A.P. 10th Cir. 2007).

[22] Motion For Summary Judgment (Doc. No. 11) 38 at 10-11.

[23] 2007 WL 2947326 (D. Colo. Aug. 27, 2007).

[24] 365 F.3d 1268 (11th Cir. 2004).

recovery to only that amount and prevent an undeserved windfall from devolving on the non-deserved debtor."[25]  Despite the <u>Outback Steak House</u> order, the Court does not find the dicta in <u>Parker</u> to be sufficient authority to support imposition of an order limiting damages in the manner suggested by Defendant in this case, on the present motion. The Court cannot discern how judicial estoppel could be invoked to limit recovery in this action, when it is undisputed that the doctrine of judicial estoppel cannot be applied against the Bankruptcy Trustee, who will be the sole plaintiff going forward.  Moreover, the issue does not seem to be one fit for resolution under Fed. R. Civ. P. 56(c).  The Court denies the request without prejudice to Defendant raising a limitation of damages argument at a later date, on an appropriate motion, based upon additional authority or legal grounds.

**C.    Motion To Join**

Plaintiff's Motion To Join is brought pursuant to Fed. R. Civ. P. 17(a)(3), 20, and 21.  While titled as a motion to "join," the motion, broadly construed, appears to contemplate either joinder or substitution of the Bankruptcy Trustee.  Plaintiff states in his motion that "Mr. Kubie has agreed to join Mr. Gilman's lawsuit as a party to further the interests of the bankruptcy estate."[26]

Rule 17(a) permits substitution of the real party in interest, within a reasonable time after any objection, where the initial failure to name the real party in interest was

---

[25] <u>Id.</u> at 1273 n.4.

[26] Motion To Join (Doc. No. 43) at 2.

the result of an "honest mistake," in that it did not involve "deliberate tactical maneuvering."[27]  Additionally, courts look to whether there has been a "tangible showing" that the defendant will be prejudiced by the substitution.[28]

Plaintiff had not yet filed for bankruptcy at the time he instituted the present action.  Thus, he properly named himself as the plaintiff in his initial pleading.  Apparently, Defendant's counsel contacted Plaintiff's counsel in September, 2009, after Plaintiff had filed for bankruptcy, raising concerns about Plaintiff's standing, and Plaintiff's counsel responded, disagreeing with Defendant's position and asserting that Plaintiff did indeed have standing.[29]  Good faith disagreement on a legal issue is not evidence of "deliberate tactical maneuvering," especially where Plaintiff has maintained his position concerning standing in his briefing on both of the instant motions.  The Court further determines that Defendant will not be unfairly prejudiced by the substitution, and that the substitution or joinder was requested within a reasonable time after Defendant raised the standing issue.  Accordingly, the Bankruptcy Trustee will be substituted for Douglas E. Gilman as the sole plaintiff in this action pursuant to Fed. R. Civ. P. 17(a)(3).  If Plaintiff objects to substitution over joinder, the only alternative is dismissal of the action.

For the foregoing reasons, it is

---

[27] See Fed. R. Civ. P. 17(a)(3); Esposito v. United States, 368 F.3d 1271, 1276-77 (10th Cir. 2004).

[28] See Scheufler v. General Host Corp., 126 F.3d 1261, 1270 (10th Cir. 1997).

[29] Defendant has not submitted evidence of such correspondence.

9

ORDERED that Defendant's Motion For Summary Judgment Based On Plaintiff's Lack Of Standing And Judicial Estoppel (Doc. No. 38) is denied. It is

FURTHER ORDERED that Plaintiff's Motion To Join Bankruptcy Trustee Kevin Kubie As A Plaintiff Pursuant To Fed. R. Civ. P. 17(a), 20, and 21 (Doc. No. 43), treated as a motion to substitute the real party in interest pursuant to Fed. R. Civ. P. 17(a)(3), is granted. It is

FURTHER ORDERED that Douglas E. Gilman is dismissed from this action without prejudice and Bankruptcy Trustee Kevin Kubie is substituted as the real party in interest. It is

FURTHER ORDERED that the case caption shall be amended accordingly. It is

FURTHER ORDERED that the hearing previously set for December 9, 2009, in this case is vacated.

DATED at Denver, Colorado this 1st day of December, 2009.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court